UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIFFANY RHODES,

    Plaintiff(s),

    v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant(s).
_____/

No. C 13-2749 PJH

**NOTICE OF FILING OF MOTION FOR SUMMARY JUDGMENT**

**NOTICE -- WARNING TO PRO SE PLAINTIFF TIFFANY RHODES**:

You are hereby notified that defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, will file a motion for summary judgment in 90 days by which it will seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  You are also permitted to file a motion for summary judgment.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact.  That is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do

not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

The court provides this "fair notice" pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). In *Rand*, the Ninth Circuit held that pro se prisoners must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints. While a *Rand* notice is required only in pro se prisoner cases, the court finds it appropriate to provide this notice to you, a non-prisoner pro se civil plaintiff, out of an abundance of caution.

The Ninth Circuit recently held that *Rand* notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. *Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* notices must be given at the time motion for summary judgment is filed, not earlier); *Rand* at 960 (separate paper required). Accordingly, at the time that a summary judgment motion is served, defendant shall also serve, in a separate paper, the notice required by *Rand* as stated above.

Civil Local Rule 7-3 requires that you file your opposition to the motion for summary judgment no later than 14 days after the motion is served and filed. You may file an affidavit or declaration in support of your opposition, as well as a brief or memorandum which may not exceed 25 pages of text unless you file a request for permission of the court to exceed the page limit prior to the due date and the court grants your request. Any evidentiary and procedural objections to the motion for summary judgment must be contained within the brief or memorandum.

**IT IS SO ORDERED.**

Dated: December 6, 2013

PHYLLIS J. HAMILTON
United States District Judge

2